UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
WILLIAM LI,

                    Plaintiff,                       Docket No.

                  -against-                      **COMPLAINT**

THE BOYD LAW GROUP, PLLC, and

PATRICK J. BOYD,

                    Defendants.

--------------------------------------------------------X

        Plaintiff WILLIAM LI ("Plaintiff" or "Li"), by and through his attorneys,

BERANBAUM MENKEN LLP and WILLIAM K LI LAW PLLC, for his Complaint against

Defendants THE BOYD LAW GROUP, PLLC ("BLG") and PATRICK J. BOYD ("Boyd")

(together, "Defendants"), alleges as follows:

## <u>NATURE OF THE ACTION</u>

        1.      Plaintiff William Li, a hardworking and committed attorney and former Associate

employed by the Defendants, brings this action against Defendants for their breach of fiduciary

duty under ERISA and failure and/or deduction of his wages in violation of New York common

and statutory law.

        2.      With offices in Manhattan and Stamford, Connecticut, Defendant Boyd touts his

firm, BLG, as a "full service" firm but in reality only seeks to serve his own financial interests by

withholding payment of welfare and retirement benefits and not paying his employees their fully earned and agreed upon wages.

3.      Employed as an Associate by Defendants for nearly ten (10) years, Li was grossly underpaid and exploited, surprisingly by a firm that, in fact, represents employees in discrimination and wage and hour litigation.

4.      Having agreed to pay Li a bi-weekly salary, commissions and benefits, Defendants frequently missed, deducted or withheld payments over a number of years causing Li to resign, effective January 25, 2019.  Under ERISA and as a plan fiduciary, Defendants also breached their fiduciary duty to Plaintiff.

5.      Defendants breached their agreement to pay Li pursuant to New York Labor Law ("NYLL") § 198(3), New York common law and withheld and/or deducted wages owed to Li in violation of NYLL § 193.  Defendants also violated NYLL §§ 195(1) and 195(3) by failing to provide Plaintiff with written notice of his starting wage information and subsequent increases.

## PARTIES

6.      Plaintiff William Li is and was a practicing attorney employed at all relevant times by Defendants as an Associate.  At Defendants' request, Plaintiff devoted his practice almost exclusively to representing parties in employment law disputes and litigations.

7.      At all relevant times described herein, Plaintiff Li was a participant in The Boyd Law Group, PLLC 401(k) Plan and, as such, is entitled to certain rights under ERISA.

8.      Defendant BLG is a domestic professional corporation organized under the laws of New York, with its principal office and place of business in New York, New York.  The office

is currently located at 370 Lexington Avenue, Suite 1012, New York, New York 10017. Defendant BLG also has an office located in Stamford, Connecticut.

9.      Defendant BLG is a small employment law firm that primarily represents employees, but on occasion, does represent employers, as well, in litigation and non-litigation matters.

10.     At all relevant times described herein, Defendant BLG maintained and acted as the administrator of The Boyd Law Group, PLLC 401(k) Plan ("Plan") that required it to make contributions of 3% of Plaintiff's salary for each pay period he was paid a salary.

11.     Defendant Boyd is the sole shareholder of Defendant BLG and thus has exclusive control of all corporate and employment decisions that it makes.

12.     Defendant Boyd is a fiduciary under 29 U.S.C. § 1132 in that he was in complete charge and had exclusive control in making the required 3% contributions to Plaintiff's 401(k) account under the Plan.

13.     Defendant Boyd founded Defendant BLG in 2005.

14.     Although a career employment lawyer primarily representing employees, Defendant Boyd, by and through his company, BLG, has consistently failed to pay his employees their earned and agreed upon wages.

## JURISDICTION AND VENUE

15.     This Court has exclusive jurisdiction over Plaintiff's ERISA claims pursuant to 29 U.S.C.§§ 1132 (e) and (f), and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

16.     Venue is proper in this Court because the acts that form the basis of this lawsuit occurred within this District.

## **FACTS**

17.     Plaintiff William Li, a 2009 St. John's University School of Law graduate, was hired by Defendants in September 2009. He was hired as an Associate and was assigned labor and employment law cases by Defendants.

18.     Initially paid on an hourly basis, Defendants agreed to, and did in fact, eventually pay Plaintiff a base salary.  Plaintiff's final base salary was approximately $87,750 per year, or bimonthly payments of $3,375.33. Defendants also agreed to reimburse Plaintiff for any and all reasonable business expenses he incurred during the course of his work for BLG.

19.     At no point during his employment did Defendants provide Plaintiff with a wage notice as required by NYLL § 195(1) containing Plaintiff's rate of pay, the regular pay day and other relevant information expressly required under law.

20.     As part of his annual compensation and as an inducement for Plaintiff to continue his employment with Defendants, Defendants agreed to pay Plaintiff a commission of the receivables for all cases he originated or brought into BLG, which started at 15% and rose to 20% in or around 2012, in addition to his base salary.

21.     As part of his annual compensation, and also as an inducement for Plaintiff to continue his employment with Defendants, Defendants agreed to pay Plaintiff what ultimately ended up as a 2.5% commission on all contingency cases, not originated by Plaintiff, that BLG settled.

22.     Finally, also as part of his annual compensation, Defendants agreed to provide Plaintiff health insurance and pay part of his monthly premiums, as well as make 3% contributions to the Plan.

23.     Plaintiff satisfied his end of the parties' agreement by working diligently, originating cases for BLG and getting along well with his colleagues.

24.     Defendants, on the other hand, breached the parties' agreement by failing to honor the parties' compensation agreement and/or willfully deducting payments from Plaintiff's wages in violation of New York common and statutory law.

25.     Rather than timely pay Plaintiff, his former colleagues at BLG and the firm's vendors, Defendant Boyd frequently paid his employees their wages and the firm's vendors less than what was owed or paid them over time.

26.     Defendant Boyd did this, upon information and belief, to further his attempt to create a personal image of affluence as demonstrated by his affluent life style and ownership of ultra-luxury possessions.

27.     Defendants regularly missed or deducted wage payments by not making payroll and in 2018 missed payroll on four (4) occasions (or 2 months' worth of payroll) for all of their employees, including Plaintiff.

28.     Defendants also missed or deducted wage payments owed to Plaintiff by not making payroll for the entire month of January 2019 meaning that Defendants missed or deducted wage payments for a total of three (3) months between 2018 and 2019.

29.    Plaintiff resigned from his position at BLG on January 17, 2019, effective January 25, 2019.

30.    Since 2018 until his resignation, Plaintiff was being paid, and Defendants had agreed to pay him, $3,375.33 each bi-monthly pay period.

31.    Defendants have also failed to pay Plaintiff his additional wages by not paying him $22,366.95 in earned commissions generated for BLG from business generation and for BLG's earned contingency legal fees.

32.    Defendants have also unlawfully retained money designated as Plaintiff's that it purported to transfer to BLG's 401k Plan in the amount of $2,983.69, specifically contributions that were deducted from his bi-monthly paychecks in October and December 2014, and Health Insurance Provider on several occasions.

33.    Defendants also deducted twice as much as it was supposed to for Plaintiff's contribution to his health insurance between 2016-2017 in the amount of $5,926.

34.    Plaintiff immediately notified Defendant Boyd that money deducted from his bi-monthly paychecks in 2014 for his retirement were not properly delivered and deposited into BLG's Retirement Plan but instead was retained by Defendants and the over deductions of his health insurance contribution upon discovery of such fact, but the issues were not rectified.

35.    By not making certain contributions to the Plan and/or keeping money from Plaintiff's contributions and BLG's Health Insurance Provider, Defendants have breached their fiduciary duty to Plaintiff to comply with the terms of the Plan and thus engaged in self-dealing.

36.     Despite being notified of its breach of fiduciary duty, breach of the parties' agreement, unlawful deductions and conversion, Defendants have never disputed or challenged the amounts Plaintiff alleges that are owed him.

37.     Defendants further owe Plaintiff $239.91 in business expense reimbursements.

38.     In total, Defendants owed Plaintiff $51,768.53 at the end of his employment.

39.     Since the end of Plaintiff's employment, Defendants have paid Plaintiff a total $13,500 towards the total amount owed.

## FIRST CAUSE OF ACTION
### (Violation of ERISA – Breach of Fiduciary Duty)

40.     Plaintiff repeats and realleges each of the above paragraphs as if set forth herein.

41.     Plaintiff is a participant in the Plan.

42.     Defendants, who have exclusive control over the operation and administration of the Plan, are plan fiduciaries under ERISA.

43.     As plan fiduciaries, Defendants had a duty of loyalty and good faith to Plaintiff, a plan participant, pursuant to 29 U.S.C. § 1132.

44.     The Plan required Defendants to contribute 3% of Plaintiff's biweekly compensation to a 401(k) retirement account and an additional percentage to help cover Plaintiff's health insurance premiums so he would have health insurance.

45.     Defendants willfully failed to make said required contributions.

46.     Defendants unlawfully retained money designated as Plaintiff's that it purported to transfer to BLG's 401k Plan in the amount of $2,983.69, specifically contributions that were deducted from his bi-monthly paychecks in 2014, and Health Insurance Provider on several occasions.

47.     Defendants also deducted twice as much as it was supposed to for Plaintiff's contribution to his health insurance between 2016-2017 in the amount of $5,926.

48.     By failing to comply with the terms of the Plan and make the required contributions to Plaintiff's account for his health and retirement benefits, Defendants breached their fiduciary duties to him.

49.     As a result of Defendants' actions and inactions in their capacities as plan fiduciaries, Plaintiff suffered a cognizable loss of no less than $8,909.69 plus any potential lost in capital gains as a result of being deprived of investing the funds earmarked for Plaintiff's 401k account.

**SECOND CAUSE OF ACTION**
**(Violation of NYLL § 198(3))**

50.     Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as if fully set forth herein.

51.     Defendants failed to pay Plaintiff any base wages for two (2) months in 2018 and the entirety of January 2019.

52.     Defendants also failed to pay Plaintiff his earned and vested commissions in the amount of $22,366.95 at the time Plaintiff resigned.

53.     Earned and vested commissions are deemed to be wages.

54.     Defendants' failure to pay Plaintiff his wages were willful.

55.     Plaintiff is, therefore, entitled to his unpaid wages (including earned commissions), liquidated damages, interests and attorneys' fees.

### THIRD CAUSE OF ACTION
### (Violation of New York Common Law-Breach of Contract)

56.     Plaintiff repeats and realleges each of the above paragraphs as if set forth herein.

57.     Plaintiff entered into an employment agreement with Defendants wherein Plaintiff agreed to perform legal services as an Associate for Defendants and Defendants agreed to pay Plaintiff wages in the form of biweekly salary, commissions (based on origination and BLG firm-wide contingency case settlements) and contributions to a 401K retirement plan and an employee health plan.

58.     Plaintiff satisfied the terms of the employment agreement by continuing to go to work even after learning about Defendants' breaches and providing his reasonable best efforts to perform legal services for Defendants.

59.     Defendants failed to satisfy the terms of the employment agreement and, in fact, breached the employment agreement by failing to pay Plaintiff all of his earned wages that were due and owing.

60.     As a result of Defendants' breach of the parties' employment agreement, Plaintiff suffered damages in the amount of approximately $51,768.53 at the end of his employment but is now at $38,268.53 after payment of $13,500 from Defendants. .

## FOURTH CAUSE OF ACTION
### (Violation of New York Labor Law § 193)

61.     Plaintiff repeats and realleges each of the above paragraphs as if set forth herein.

62.     In 2018 and in January 2019, Defendants deducted Plaintiff's wages by withholding and/or not paying him his biweekly salary.

63.     In 2014, Defendants deducted money from Plaintiff's biweekly paychecks that was designated for his 401K retirement account but failed to deposit and/or transfer said money to the 401K retirement account and retained the money.

64.     From December 2015 to June 2017, Defendants deducted twice as much as agreed to from Plaintiff's biweekly paychecks for Plaintiff's contribution for his health insurance coverage and retained the money.

65.     In withholding and/or making unauthorized deductions from Plaintiff's compensation, Defendants violated NYLL § 193, which prohibits any deduction and/or withholding of wages of an employee unless permitted by law or expressly authorized in writing by the employee for certain payments made for the employee's benefit.

66.     Defendants' withholding of wages and/or unlawful deductions from Plaintiff's wages were willful in that Defendants knowingly, deliberately, or voluntarily disregarded their obligation to pay Plaintiff for his full compensation.

67.     As a result, Defendants are liable to Plaintiff for unlawfully deducted wages, liquidated damages, interest and attorneys' fees.

## FIFTH CAUSE OF ACTION
### (New York Common Law – Conversion)

68.     Plaintiff repeats and realleges each of the above paragraphs as if set forth herein.

69.     Defendants took possession of certain money that Plaintiff authorized to be contributed to BLG's 401K Retirement Plan and Health Plans and kept it for their benefit.

70.     Defendants converted that certain money in an amount believed to be $2,983.69 (401K Retirement contributions) plus $5,926 (Health Insurance contributions) for a total of $8,909.69 and kept it for their benefit.

71.     As a result, Defendants are liable to Plaintiff in the amount of $8,909.69 plus any potential gains from his investments in the 401K account.

## SIXTH CAUSE OF ACTION
### (New York Labor Law § 195(1))

72.     Plaintiff repeats and realleges each of the above paragraphs as if set forth herein.

73.     Defendants have willfully failed to supply Plaintiff with a wage notice, as required by NYLL § 195(1), containing Plaintiff's rate of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece and/or commission; hourly rate of pay and overtime rate of pay if applicable; the regular pay day, the name of the employer, etc., plus such other information as the NYS Department of Labor deems material and necessary.

74.     Through their knowing or intentional failure to provide Plaintiff with the wage notice required by New York Labor Law, Defendants have willfully violated the law.

75.     Due to Defendants' willful violations of NYLL § 195(1), Plaintiff is entitled to statutory penalties of fifty dollars per work day that Defendants failed to provide Plaintiffs with

wage notices, or a total of five thousand dollars each, reasonable attorney's fees, costs and injunctive and declaratory, as provided by the New York Labor Law.

## SEVENTH CAUSE OF ACTION
### (*Quantum Meruit* – Pled in the Alternative)

76.     Plaintiff repeats and realleges each of the above paragraphs as if set forth herein.

77.     Plaintiff pleads this claim in the alternative, in the unlikely event that he is unable to sustain the above First Cause of Action.

78.     Plaintiff has performed numerous and valuable services at the request and for the benefit of Defendants. The reasonable value of those services for which Plaintiff has not been paid is far in excess of the compensation provided to Plaintiff by Defendants.

79.     As a result, Defendants are liable to Plaintiff in an amount not yet determined but equal to the reasonable value of his services.

## EIGHTH CAUSE OF ACTION
### (Unjust Enrichment – Pled in the Alternative)

80.     Plaintiff repeats and realleges each of the above paragraphs as if set forth herein.

81.     Plaintiff pleads these claims in the alternative, in the unlikely event that he is unable to sustain the above First Cause of Action.

82.     Plaintiff has performed a significant amount of work for Defendants for which he has not been paid.

83.     Defendants' expectations that Plaintiff continue working despite being paid less than the compensation to which he was entitled to establishes Defendants' consent to pay Plaintiff for the value of the work he performed.

84.     Defendants failed to pay Plaintiff for the value of the work and/or services he performed.

85.     As a result of this failure to pay, Defendants were unjustly enriched for the work and services performed by Plaintiff.  Defendants are liable to Plaintiff in an amount not yet determined but equal to the reasonable value of his services.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment:

a.     On his First Cause of Action, the disgorgement and restoration of $8,909.69 to the Plan with the designation of Plaintiff as the ultimate recipient of the amount disgorged and restored, the potential investment gains which Plaintiff could have earned from the money that were unlawfully withheld, plus reasonable attorney's fees;

b.     On his Second Cause of Action for his unpaid wages (including earned commissions), liquidated damages, interests and attorneys' fees.

c.     On his Third Cause of Action in an amount no less than $38,268 plus interest;

c.     On his Fourth Cause of Action in an amount to be determined by a jury, plus liquidated damages, attorneys' fees and interest;

d.     On his Fifth Cause of Action in an amount no less than of $8,909.69;

e.     On his Sixth Cause of Action in an amount pursuant to the New York Labor Law;

f.     On his Seventh and Eighth Causes of Action, in an amount to be determined by a jury; and,

g.    Such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      May 17, 2019

    BERANBAUM MENKEN LLP

    By: _____
    Bruce E. Menken
    80 Pine Street, 33rd Fl.
    New York, NY 10005
    T: 212-509-1616
    F: 212-509-8088
    bmenken@nyemployeelaw.com


    WILLIAM K LI LAW, PLLC


    By:_
    William Li
    200 Park Avenue, 1700
    New York, New York 10166
    T: (212) 380-8198
    wli@wlilaw.com